UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

                    Plaintiff,                                No. 11-13413

vs.                                             Hon. Gerald E. Rosen

WAYNE COUNTY PROSECUTOR,

                    Defendant.
_____/

## ORDER DENYING RECONSIDERATION
## AND ORDER OF SUMMARY DISMISSAL

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         August 29, 2011

        PRESENT:   Honorable Gerald E. Rosen
                            United States District Chief Judge

On July 21, 2011, after being granted leave to proceed *in forma pauperis*, Plaintiff

Cheryl L. Theriot filed a *pro se* complaint against the Wayne County Prosecutor

complaining that the prosecutor maliciously charged her son, Darius Theriot, with first-

degree murder and related lesser crimes, and deprived him of his Fourth Amendment and

due process rights, for which she sought $1,000,000,000 in damages.  *See Theriot v.*

*Wayne County Prosecutor*, No. 11-13158.  After reviewing Plaintiff's complaint, the

Court concluded that the Defendant Wayne County Prosecutor was cloaked with absolute

prosecutorial immunity.  The Court further concluded that any claim for the malicious

2:11-cv-13413-GER-MJH Doc # 9 Filed 08/29/11 Pg 2 of 6 Pg ID 64

prosecution of Darius Theriot is not yet ripe, and even if it were, because only persons

actually deprived of their individual civil rights can redress such rights, Plaintiff Cheryl

Theriot could not bring suit for the violation of her son's civil rights. Therefore, the

Court concluded her complaint failed to state a claim upon which relief may be granted,

and dismissed the case pursuant to 28 U.S.C. § 1915(e)(2).

On August 5, 2011, Plaintiff filed the instant action, not raising any substantive

claims but rather complaining that this Court erred in ordering summary dismissal of her

July 21 complaint. As such, the Court views Plaintiff's new filing as seeking

reconsideration and reversal of the August 2, 2011 Order of Summary Dismissal, and,

therefore, subject to the requirements of Eastern District of Michigan Local Rule 7.1(g).

Local Rule 7.1(g) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not
> grant motions for rehearing or reconsideration that merely present the same
> issues ruled upon by the court, either expressly or by reasonable
> implication. The movant must not only demonstrate a palpable defect by
> which the court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not

only demonstrate a palpable defect by which the Court has been misled, he must also

show that a different disposition of the case must result from a correction of that defect.

A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain."

*United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a

2

motion that merely presents the same issues already ruled upon by the Court -- either

expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g).  *See also*

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries,*

*Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion

to amend or alter judgment explaining that such motions "are not intended as a vehicle to

relitigate previously considered issues" and "are not the proper vehicle to attempt to

obtain a reversal of a judgment by offering the same arguments previously presented." *Id.*

(internal quotation omitted)).

Plaintiff here does not present any issues as to prosecutorial immunity or the non-

ripeness of a malicious prosecution claim not already ruled upon either expressly or by

reasonable implication.  The only new issue raised by Plaintiff is that she purports to

have "durable power of attorney" for her son.  As such, she claims that she may act on

his behalf in bringing a claim for violation of his constitutional rights.

Plaintiff has submitted a blank "General Durable Power of Attorney" form as

evidence. It is not signed, witnessed or notarized.  Not even the names of the principal or

agent are filled in.  Plaintiff does not dispute that this power of attorney is unsigned.  She

claims that the Wayne County Jail would not let her son sign this document, but he orally

agreed to it.  However, in Michigan, a durable power of attorney by which a principal

designates another to act on his behalf must be in writing.  *See* M.C.L. § 700.5501.

But, even if Plaintiff were authorized to bring a Section 1983 action on behalf of

her son for violation of his civil rights, as stated in the August 2, 2011 Order, for Plaintiff

to make out a Fourth Amendment claim for malicious prosecution, it must be established that the criminal proceedings terminated in Darius's favor. *See Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010). Therefore, until the criminal case against Darius is dismissed or otherwise terminates in his favor, no claim for violation of constitutional rights exists.

Furthermore, even if such a claim were ripe for adjudication, a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution, even if it is shown that he acted wrongfully or even maliciously. See Imbler *v. Pachman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). It matters not that Plaintiff now refers to her claim against the defendant prosecutor as one for "abuse of office" instead of for malicious prosecution.

Courts will bar § 1983 suits arising out of even unquestionably illegal or improper conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor. *Imbler*, 424 U.S. at 413 (holding that a prosecutor accused of knowingly presenting false testimony at trial is protected by absolute immunity); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) (holding that a prosecutor's alleged use of perjured testimony , the non-disclosure of exculpatory information, conflict of interest problems, and "spy allegations" are all "related to the acts of an advocate and thus come within the area of prosecutorial immunity");

*Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir.1978) (holding that a prosecutor is absolutely immune from a suit claiming that he destroyed and falsified evidence).

Investigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, are also protected by absolute prosecutorial immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir.1997). Even knowingly obtaining the issuance of a criminal complaint and arresting a defendant based on false, coerced statements is protected because "securing the person of the defendant is part of initiating a prosecution." *Joseph v. Patterson*, 795 F.2d 549 (6th Cir.1986).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint [Dkt. #1] seeking reconsideration and reversal of the Court's August 2, 2011 Order of Summary Dismissal is DISMISSED.

In light of the dismissal of this case,

IT IS FURTHER ORDERED that Plaintiff's (second) *ifp* application [Dkt. #2], motion for discovery [Dkt. # 3], motion to request subpoena of witness Stanford [sic; Sanford] Schulman [Dkt. # 4], motion to submit evidence [Dkt. # 5], and motion to request subpoena of witness David Roby [Dkt. # 6] are hereby dismissed as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Petition for Writ of Habeas Corpus [Dkt. # 7] is DENIED, without prejudice. To proceed in federal court with a petition for habeas corpus under 28 U.S.C. § 2254, a state prisoner must first exhaust all state

5

2:11-cv-13413-GER-MJH   Doc # 9   Filed 08/29/11   Pg 6 of 6   Pg ID 68

remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must

give the state courts one full fair opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process"); *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). [1]

IT IS FURTHER ORDERED that any appeal from this order would be frivolous

and not in good faith.  Therefore, leave to appeal  *in forma pauperis* will be DENIED.


                         s/Gerald E. Rosen
                         Chief Judge, United States District Court


Dated:  August 29, 2011

I hereby certify that a copy of the foregoing document was served upon Cheryl L.
Theriot, 456 Marston Street, Detroit, Michigan 48202 on August 29, 2011, by ordinary
mail.

                         s/Ruth A. Gunther
                         Case Manager

---

[1]  To the extent that Plaintiff claims in this Petition that she is appealing her son's
conviction to this Court instead of a higher state court, the federal district court is without
jurisdiction to entertain such appeal.  Central to our system of justice is the general rule
that state court determinations are not subject to appellate review by Article III federal
courts. *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398
U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)  "Proceedings in state courts should
normally be allowed to continue unimpaired by intervention of the lower federal courts,
with relief from error, if any, through the state appellate courts and ultimately [the
Supreme] Court." *Id.* Indeed, far from exercising appellate review of state court
decisions, federal courts are statutorily required to give preclusive effect to state court
judgments under the Full Faith and Credit Act, 28 U.S.C § 1738.  This statute makes no
exception for appeal rights to Article III federal courts.